**JI HANG NI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Department of Justice, Respondent.**

No. 07–3831–ag.

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Bruno Joseph Bembi, Hempstead, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Civil Div.; Michelle Gorden Latour, Asst. Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Wash., D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ji Hang Ni, a native and citizen of the People's Republic of China, seeks review of an August 22, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Ji Hang Ni,* No. A 79 089 873 (B.I.A. Aug. 22, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83,

93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that such motions are "disfavored." *INS v. Abudu,* 485 U.S. 94, 95, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ Here, the BIA did not abuse its discretion in denying Ni's motion to reopen. *Kaur,* 413 F.3d at 233–34. It is undisputed that Ni's March 2007 motion was untimely where the BIA had dismissed his appeal in April 2004, nearly three years prior. *See* 8 C.F.R § 1003.2(c)(2). In addition, the BIA properly found that Ni failed to establish that he qualified for an exception to the time limitation applicable to motions to reopen.

To the extent Ni argues that the family planning policy will now apply to him in a manner in which it did not apply before his two children were born in the United States, and that such a difference amounts to a change in country conditions, that argument is unavailing. Merely reframing his change in personal circumstances as a change in country conditions in China does not bring Ni's motion within the exceptions for the time limitation on motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273–274 (2d Cir.2006) ("it would be ironic, indeed, if petitioners like Wang, who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

Further, the BIA properly determined that Ni failed to submit any evidence es-

tablishing a change in country conditions in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In this regard, the BIA appropriately found that the 2004 and 2005 State Department reports Ni submitted did not demonstrate a material change in circumstances in China since the date of Ni's hearing. *See Wei Guang Wang,* 437 F.3d at 273–74 (deeming insufficient to establish changed country conditions affidavits from John Aird and evidence that the petitioner was the father of two children); *see also Matter of C–C–,* 23 I. & N. Dec. 899 (BIA 2006) (emphasizing that both the 2004 and 2005 State Department Country Reports state that China's population control policy relies on "education, propaganda, and economic incentives, as well as more coercive measures," and "formally prohibits the use of physical coercion" to carry out birth control procedures).

While Ni suggests that his case should be remanded in light of certain documents addressed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), we must "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Moreover, in *Xiao Xing Ni v. Gonzales,* we concluded that the exercise of any inherent equitable power to remand is not warranted if: "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen before the BIA for the taking of additional evidence." 494 F.3d 260, 269 (2d Cir.2007).

■ To the extent Ni challenges the BIA's refusal to exercise its *sua sponte* authority under 8 C.F.R. § 1003.2(a) to reopen his proceedings, that discretionary decision is beyond the scope of our review. *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006). As such, the BIA's denial of Ni's motion to reopen was not an abuse of discretion. *See Kaur,* 413 F.3d at 233–34.

■ Finally, even assuming *arguendo* that Ni may file a successive asylum application, it would be futile to remand his proceedings for consideration of that application. In its August 2007 order, the BIA noted that it had already addressed in precedent decisions some of the documents submitted by Ni concerning country conditions in China. Indeed, in *Matter of S–Y–G–* and *Matter of J–W–S–,* the BIA considered both the 2005 Profile and 2005 Country Report—along with numerous other documents beyond what Ni submitted in the instant case—and found that there was insufficient evidence to conclude that the applicants had a well-founded fear of persecution in China based on the birth of two children in the United States. *See Matter of S–Y–G–,* 24 I. & N. Dec. 247, 256 (BIA 2007) (finding that the 2005 Profile indicated that any sanctions that would apply under China's family planning policy to a Chinese national with children born abroad were likely to be economic ones); *Matter of J–W–S–,* 24 I. & N. Dec. 185, 189, 194 (BIA 2007) (noting that the 2005 Profile had described enforcement of the family planning policy in Fujian Province as "lax" with "wide variation" with regard to "social compensation fees" for "out-of-plan" births).[2] While the evidence submitted by Ni may establish that he could be subject-

---

2. Ni argues that this Court should find that the BIA erred in relying on its precedential decisions in *Matter of J–W–S–* and *Matter of S–Y–G–* because in deciding those cases, the BIA engaged in impermissible fact-finding. However, we decline to review the BIA's decisions in other proceedings. *Cf. Ke Zhen Zhao,* 265 F.3d at 89–90 (providing that where an alien files a timely petition for review from the denial of a motion, but not from the underlying affirmance of a removal order, the Court may review only the denial of the motion).

ed to fines or other economic penalties upon his return to China, enforcement efforts resulting in a moderate economic impact do not, in general, establish a well-founded fear of persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that substantial evidence supported the agency's denial of asylum where the record evidence provided that couples returning to China with more children than would have been permitted under that country's family planning policy are, "at worst, given modest fines"); *see also Matter of T–Z–*, 24 I. & N. Dec. 163, 173 (BIA 2007) (to constitute persecution, economic harm must be severe). Accordingly, we can "confidently predict" that—based on the absence of any record evidence that Ni will be persecuted if returned to China—on remand, the agency would reach the same conclusion. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006); *see also Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).